**Not for Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

---

No. 02-1939

DAN HOWARD,

Petitioner,

v.

SECURITIES AND EXCHANGE COMMISSION,

Respondent.

---

ON PETITION FOR REVIEW OF AN ORDER OF THE
SECURITIES AND EXCHANGE COMMISSION

---

Before

Boudin, Chief Judge,
Lynch and Howard, Circuit Judges.

---

Dan Howard on brief pro se.
Jacob H. Stillman, Solicitor, Leslie E. Smith, Senior
Litigation Counsel, and Catherine A. Broderick, Counsel to the
Assistant General Counsel on brief for respondent.

---

September 19, 2003

---

**Per Curiam**.  Daniel Richard Howard petitions this court for review of an order of the Securities and Exchange Commission ("SEC") sustaining a disciplinary action taken against him by the National Association of Securities Dealers, Inc. ("NASD").  We have jurisdiction pursuant to 15 U.S.C. § 78y.  The SEC's findings as to the facts are conclusive if supported by substantial evidence. § 78y(4).  "[This court's] function is not to independently weigh the facts . . . .  Rather, after reviewing the record considered as a whole, including the evidence opposed to the S.E.C. view, [it is] to determine whether substantial evidence supports the Commission's decision." Todd & Co., Inc. v. Securities & Exchange Comm'n, 557 F.2d 1008, 1013 (3d Cir. 1977).

Following a two-day hearing, a NASD Hearing Panel determined that Howard had violated NASD Conduct Rules 2110 and 2310, by making unsuitable recommendations for the purchase and sale of speculative securities to an elderly customer and filing an inaccurate Uniform Application for Securities Industry Registration Form (Form U-4), falsely denying that he was the subject of a NASD investigation.[1]  The findings were affirmed by the NASD National

---

[1] NASD Conduct Rule 2110 provides as follows:
    A member, in the conduct of his business, shall observe high standards of commercial honor and just and equitable principles of trade.

NASD Conduct Rule 2310 provides, in relevant part, as follows:
    (a) In recommending to a customer the purchase, sale or exchange of any security, a member shall have

-2-

Adjudicatory Council ("NAC") and Howard was fined $25,000 and suspended from NASD for two years. Based upon an independent review of the record, the SEC affirmed NASD's disciplinary action. See In re: Daniel Richard Howard, Securities Exchange Act Rel. No. 46269, 78 SEC Docket 427, 2002 SEC Lexis 1909 (July 26, 2002). The SEC denied Howard's motion for reconsideration and Howard petitioned this court for review of the SEC's decision.

In his pro se brief submitted in support of his petition, Howard focuses almost exclusively on a series of procedural claims found by the NAC and the SEC to be entirely without merit. His sole reference to the merits of the rule violations is as follows: "Petitioner denies each and every allegation of unsuitability and churning and denies falsifying his U-4." By failing to make a developed argument, Howard has waived any objection to the SEC's findings on the merits. See United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990) (explaining that arguments that are undeveloped on appeal are deemed waived).

Even if there had not been a waiver, however, there is substantial evidence to support the SEC's findings. The SEC's findings that Howard's recommendations to his elderly customer,

reasonable grounds for believing that the recommendation is suitable for such customer upon the basis of the facts, if any, disclosed by such customer as to his other security holdings and as to his financial situation and needs.

John B. Meeker, were unsuitable are supported by substantial evidence. The actual trading activity is undisputed. The characterization of the recommended securities as "speculative" is supported by research reports prepared by H.J. Meyers & Co., Inc. ("H.J. Meyers") (where Howard was employed as a general securities representative during the relevant period) and by SEC filings, as interpreted by a NASD investigator. Howard himself characterized the Meeker account as "speculative" in his testimony at the hearing before the NASD panel. The SEC's findings about the level of trading activity are also supported by the record. And the case law supports the SEC's characterization of these turnover rates and cost-to-equity ratios as reflecting excessive trading. See In re Peter C. Bucchieri, 52 S.E.C. 800, 805 (1996).

The record as a whole also supports the SEC's finding that "Meeker was an elderly man in poor health whose primary need was additional income and who sought investments that carried minimum risk." In re Howard, 2002 SEC Lexis 1909, at *5. Given these facts known to Howard, substantial evidence supports the SEC's conclusion that "both the nature of the securities that Howard recommended to Meeker and the level of trading activity were unsuitable," in violation of NASD Conduct Rules 2110 and 2310. Id., at *9.

Similarly, there is substantial support in the record for the SEC's finding that Howard violated Conduct Rule 2110 by filing

an inaccurate U-4 form and failing to amend it thereafter. Specifically, the SEC found that Howard admitted that he had received NASD's letter of October 15, 1998, informing him of his obligation to disclose NASD's pending investigation in his Form U-4 when answering Question 22I. In re Howard, 2002 SEC Lexis 1909, at *11. It further found that after Howard joined Moors & Cabot, Inc. in October 1998, the firm filed a Form U-4 on his behalf, which Howard signed, that gave a negative answer to Question 22I. Id. The SEC found that "Howard did not amend his Form U-4 to correct that misstatement." Id. The SEC's conclusion that it was "clear that Howard was responsible for the false statement on his Form U-4," id., at *12, is supported by substantial evidence in the record. The case law supports the conclusion that such conduct violates "just and equitable principles of trade." See In re Thomas R. Alton, 52 S.E.C. 380, 382 (1995); In re Robert E. Kauffman, 51 S.E.C. 838, 839 (1993).

With respect to Howard's procedural claims, substantial evidence in the record also supports the SEC's findings as to those claims. For the reasons articulated by the SEC, we agree with its conclusion that the procedural claims are without merit. Howard's central claim in his petition to this court is that he was the victim of selective prosecution by NASD because he is Hispanic and "fall[s] outside t[he] preferred ethnic group" of the NASD and the SEC. A successful selective prosecution claim would require Howard

to show that he "'was prosecuted while others similarly situated were not'" and "that the government's prosecution was in bad faith." United States v. Peterson, 233 F.3d 101, 105 (1st Cir. 2000) (citation omitted). Howard identified two non-Hispanic H.J. Meyers brokers who were investigated by NASD because of customer complaints and as to whom NASD had determined that "no action is warranted." This alone is not sufficient to show that the other non-Hispanic brokers were "similarly situated" to Howard for purposes of his selective prosecution claim. We agree with the SEC's determination that there is insufficient support in the record to substantiate Howard's claims that the NASD attorney voiced racial or religious slurs and insults. The SEC's findings that Howard's procedural claims are without merit are substantially supported by the record.

The SEC's opinion dated July 26, 2002, sustaining the NASD's findings of conduct rule violations and the sanctions imposed, is affirmed.